# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint of<br><br>BRANDON LEE FARMER,<br><br>                Petitioner. | No. 52982-3-II<br><br><br><br>UNPUBLISHED OPINION |

CRUSER, J. — Brandon Farmer seeks relief from personal restraint imposed following his 2016 conviction for first degree murder.[1] First, he argues that he was denied effective assistance of counsel when his trial counsel did not communicate a plea offer of second degree murder to him. However the correspondence he attached to his petition shows that his counsel communicated the plea offer to him, but he rejected it and counteroffered a plea offer of first degree manslaughter, which the State rejected. To the extent Farmer argues there was an additional plea offer of second degree murder that he did not learn about until sentencing, he fails to present any evidence that such an offer was made and improperly withheld by his attorney. *See In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992) ("In short, the petitioner must present evidence showing that his factual allegations are based on more than speculation, conjecture, or inadmissible hearsay."). Thus, he does not show ineffective assistance of counsel.

---

[1] We issued the mandate of Farmer's direct appeal on February 20, 2018, making his February 7, 2019 petition timely filed. RCW 10.73.090(1), (3)(b).

No. 52982-3-II

Second, Farmer argues that the prosecutor engaged in misconduct in questioning the State's witnesses, Dusty Titus and Detective Gene Miller. But we rejected these arguments in his direct appeal, *State v. Farmer*, Cause No. 48991-1-II. Unless he shows that the interests of justice require it, he cannot raise these arguments again in this petition. *In re Pers. Restraint of Lord*, 123 Wn.2d 296, 303, 868 P.2d 835 (1994). He makes no such showing.

Farmer does not present grounds for relief from restraint. We therefore deny his petition. We also deny his request for appointment of counsel.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

WORSWICK, J.

LEE, A.C.J.

2